FILED
U.S. DISTRICT COURT

2008 OCT 14 P 4: 21

C. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,

v.           CASE NO.: CR508-15

GILBERTO ZAVALA-GOMEZ,
 a/k/a Gilberto Savala-Gomez,
 a/k/a Alejandro Santos

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Gilberto Zavala-Gomez ("Defendant") has been indicted for illegal entry after removal from the United States, in violation of 8 U.S.C. §§ 1326(a) and (b). Defendant filed a Motion to Suppress, as amended, and the Government filed a Response. The undersigned conducted a hearing on Defendant's Motion on October 3, 2008.

### I.  Statements Made to Agent McGill

Defendant asserts he was taken into custody by the Department of Homeland Security, and, while in the Government's custody, he may have made several statements to James McGill, Jr., an agent with Immigration and Customs Enforcement. Defendant contends any statements he made to Agent McGill were made without him

AO 72A
(Rev. 8/82)

being advised of his Miranda[1] rights. The Government advised at the hearing it does not intend to introduce any statements Defendant purportedly made to Agent McGill. Based on the Government's representation, this portion of Defendant's Motion should be **DISMISSED** as moot.

II. **Fingerprint Evidence**

At the hearing, Defendant's attorney contended Defendant's fingerprints should be suppressed. The Fifth Amendment provides, in relevant part, that no "person . . . shall be compelled in any criminal case to be a witness against himself." This privilege does not protect a suspect from being compelled to produce "real or physical evidence." Schmerber v. California, 384 U.S. 757, 764 (1966). Rather, the privilege "protects an accused only from being compelled to testify against himself, or otherwise provide the [government] with evidence of a testimonial or communicative nature." Id. at 761. "[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a witness against himself." Pennsylvania v. Muniz, 496 U.S. 582, 588-89 (1990) (internal citation omitted).

In Schmerber, the Supreme Court drew a distinction between "testimonial" and "real or physical evidence" for purposes of the privilege against self-incrimination. 384 U.S. at 763. "The prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." Id. The Fifth Amendment privilege against self-incrimination generally "offers

---

[1] Miranda v. Arizona, 384 U.S. 436, 444 (1966), requires that a person taken into custody must be advised of his right to remain silent, that any statement he makes may be used as evidence against him, and he has a right to counsel prior to any interrogation.

no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." Muniz, 496 U.S. at 591. "[T]he privilege is a bar against compelling communications or testimony, but that compulsion which makes a suspect or accused the source of real or physical evidence does not violate it." Id. (internal punctuation and citation omitted).

Defendant's fingerprints are not testimonial in nature, but rather are physical evidence. This portion of Defendant's Motion should be **DENIED**.

III. **Booking Information**

Defendant also contends the information he provided during the booking process, such as his name, also should be suppressed. "A law enforcement officer's request for routine [biographical] information during [the] booking [process] is not an interrogation, and therefore, is not subject to [the protections of] Miranda[.]" United States v. Wilson, 238 F. App'x 571, 575 (11th Cir. 2007) (citing United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991)); United States v. Carlton, 237 F. App'x 530, 533 (11th Cir. 2007). This is true even if that information "turns out to be incriminating." Sweeting, 932 F.2d at 965. Defendant providing his name and other biographical information to officers during the booking process was not an interrogation, and, thus, there was no violation of Miranda. This information is not subject to suppression. This portion of Defendant's Motion should be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Suppress be **DISMISSED** as moot, in part, and **DENIED**, in part.

**SO REPORTED** and **RECOMMENDED**, this 14th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE